# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JOHNSON, | 1:12-cv-00124-LJO-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| HECTOR RIOS, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on January 27, 2012. Petitioner contends that he is "actually innocent" of the 20 year mandatory minimum sentence under 42 U.S.C. § 841 based on the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

Petitioner was convicted in the United States District Court, Southern District of Iowa, of conspiracy to distribute 50 grams or more of cocaine base. He is currently serving a life term sentence.

Petitioner appealed his conviction to the United States Court of Appeal for the Eighth Circuit. His conviction was affirmed.

Petitioner also filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Iowa. The motion was

denied on June 23, 2010 in case number 4:10-cv-00252-JAJ-TJS, of which this Court takes judicial notice.[1] In that motion, Petitioner raised twelve grounds for relief, which the Court divided into "three general categories: two grounds argue[d] that his guilty plea was obtained by unconstitutional means; eight grounds involve a claim for ineffective assistance of counsel; and the last two grounds argue that the Court erred in not considering a lower cocaine base to powder cocaine ratio and that the issuance of a subpoena for his phone records was a warrantless search and seizure." See ECF Doc. 2, in Case No. 4:10-cv-00252-JAJ-TJS.

## JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).  In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

As previously stated, Petitioner filed a § 2255 petition in the United States District Court for the Southern District of Iowa in case number 4:10-c-vr-00252-JAJ-TJS, which was denied on the merits. In this case, Petitioner seeks relief pursuant to the holding the United States Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (2011), addressing the requisite factors for a state law conviction to qualify as a "felony drug offense" under 21 U.S.C. § 851. Petitioner contends his prior felony conviction does not qualify as a "prior conviction" because he only served six months and not a year and a day, and he is therefore "innocent" of the sentencing enhancement under § 851.

First, the decision in Simmons is not a Supreme Court decision or a Ninth Circuit decision but rather a Fourth Circuit decision. Therefore, it is not binding authority on this Court.

Second, the fact that Petitioner has previously filed a § 2255 motion which was denied does not render such relief inadequate or ineffective. Petitioner has not indicated whether he has sought or been granted permission from the United States Court of Appeals for the Eighth Circuit to file a second or successive motion. 28 U.S.C. § 2255.

3

Furthermore, Petitioner has failed to demonstrate that his claims qualify under the saving clause of section 2255 because his claims are not proper claims of "actual innocence." In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954.

In this case, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Rather, he claims that, for sentencing purposes, he does not have the requisite qualifying prior conviction which subjected him to mandatory enhancement. Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy v. Pontesso, 328 F.3d, 1057 1060 (9th Cir. 2003); Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction.") Based on the foregoing, the Court finds that Petitioner has not demonstrated Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      The petition for writ of habeas corpus be DISMISSED; and

2.      The Clerk of Court be directed to enter judgment, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served

and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 21, 2012**                               **/s/ Dennis L. Beck**
                                                           UNITED STATES MAGISTRATE JUDGE